PECKHAM et al. v. ATCHISON, T. & S. F. R. CO. et al.

No. 10946—Opinion Filed Jan. 30, 1923.

(Syllabus.)

1. **Eminent Domain—Appropriation of Land —Acquiescence of Owner—Remedies—Action for Damages.**

"Where a public service corporation, vested with the power of eminent domain, enters into actual possession of land necessary for its corporate purposes, with or without the consent of the owner, and the owner remains inactive, stands by and permits such corporation to go on and spend large sums of money in constructing its railroad, or telegraph wires, or pipe lines, or mains, or plants, or other necessary fixtures, the owner is estopped from maintaining either trespass or ejectment, and will be regarded as having acquiesced therein, and is restricted to a suit for damages for the value of the land, on the theory that the public has acquired an interest in the appropriation. Under such circumstances an appropriation will be treated as equivalent to title by condemnation." St. Louis & S. F. R. Co. et al. v. Mann, 79 Okla. 160, 192 Pac. 231.

2. **Same—Ejectment by Owner.**

Record examined, and held, that the judgment of the trial court sustaining the demurrers of the defendants to the plaintiffs' petition be affirmed.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by Willie W. Peckham et al. against the Atchison, Topeka & Santa Fe Railway Company and St. Louis—San Francisco Railway Company, in ejectment. Demurrers of defendants to the petition of the plaintiffs sustained. Plaintiff brings error. Affirmed.

J. F. King, J. S. Burger, and C. Robert Bellatti, for plaintiffs in error.

W. F. Evans, R. A. Kleinschmidt, Adelbert Brown, J. R. Cottingham, and George M. Green, for defendants in error.

KENNAMER, J. Willie W. Peckham, for herself and for the use and benefit of C. A. Johnson, and C. A. Johnson, plaintiffs, brought this action in ejectment in the district court of Kay county on the 26th day of October, 1917, against the Atchison, Topeka & Santa Fe Railway Company and the St. Louis—San Francisco Railway Company, defendants, to recover possession of a strip of land located in the city of Blackwell, Kay county, Okla. Parties appear here as they appeared in the trial court, and will be referred to as plaintiffs and defendants.

On December 27, 1898, the United States of America, by patent, conveyed Edward L. Peckham the west half of the northeast quarter of section twenty-two (22), in township twenty-seven (27) north, range one (1) west of the Indian Meridian, Kay county, Okla., and it is part of the lands conveyed to Edward L. Peckham by said patent that the plaintiffs instituted this action to recover.

Edward L. Peckham, according to the allegations of the petition of the plaintiffs, was the husband of Willie W. Peckham.

On the 3rd day of February, 1914, Edward L. Peckham died, leaving a will by the terms of which he bequeathed most of his property to his wife, Willie W. Peckham. The will, on the 3rd day of March, 1914, was admitted

to probate by the county court of Kay county. On the 22nd day of December, 1915, a final decree was entered by the county court in probate of Kay county settling the accounts of the executor of the will of Edward L. Peckham, deceased, and distributing the estate in accordance with the provisions of the will.

The plaintiffs in their petition in this action attached copies of the will and final decree of distribution as exhibits, and the plaintiff C. A. Johnson asserts title to a strip of land 2,640 feet in length running south from the north beginning at the northeast corner of the west half of the northwest quarter of section twenty-two (22), township twenty-seven (27) south, range one (1) west, particularly described in the petition, which he alleges he purchased from Willie W. Peckham, devisee in the will of Edward L. Peckham. It was alleged in the petition of the plaintiffs that Willie W. Peckham, on the 23rd day of April, 1917, by warranty deed reciting a consideration of one ($1.00) dollar, conveyed the lands described in the plaintiffs' petition to C. A. Johnson. Willie W. Peckham was made a party plaintiff by C. A. Johnson for the purpose of avoiding the defense of champerty by the defendants.

The defendants filed a general demurrer to the petition of the plaintiffs, which was by the trial court sustained, and the plaintiffs refusing to plead further, the court entered judgment dismissing the action of the plaintiffs. This appeal is prosecuted to reverse the judgment of the trial court sustaining the demurrers of the defendants and dismissing the plaintiff's action.

Under section 4928, Revised Laws 1910, the plaintiff in an ejectment action must set forth in detail the facts relied upon to establish his claim and attach to this petition copies of all deeds, or other evidences of title, as in actions upon written contracts. The plaintiff in an ejectment action can only recover by showing legal or equitable title within himself and the right of possession. Jennings v. Brown, 20 Okla. 294, 94 Pac. 557.

The petition of the plaintiffs failed to allege that the defendants, railway companies, after having entered in the possession of the lands for which the action was instituted to recover, were not occupying and using said lands for railroad purposes, or that Edward L. Peckham, through whom the plaintiffs deraigned their title, did not consent or acquiesce in the entry upon said lands by the defendants, railway companies. In this situation it is our conclusion that the trial court did not err in sustaining the demurrers of the defendants to the plaintiffs' petition.

In the case of St. Louis & San Francisco Railway Company et al. v. Mann, 79 Okla. 160, 192 Pac. 231, in the first paragraph of the syllabus this court held:

"Where a public service corporation, vested with the power of eminent domain, enters into actual possession of land necessary for its corporate purposes, with or without the consent of the owner, and the owner remains inactive, stands by and permits such corporation to go on and spend large sums of money in constructing its railroad, or telegraph wires, or pipe lines, or mains, or plants, or other necessary fixtures, the owner is estopped from maintaining either trespass or ejectment, and will be regarded as having acquiesced therein, and is restricted to a suit for damages for the value of the land, on the theory that the public has acquired an interest in the appropriation. Under such circumstances an appropriation will be treated as equivalent to title by condemnation."

Other authorities supporting this rule are: Edwards v. Roberts (Colo.) 144 Pac. 856; Buckwalter v. A., T. & S. F. Ry. Co., 64 Kan. 403, 67 Pac. 831; Gurnsey v. Northern California Power Co., 160 Cal. 699, 117 Pac. 906, 36 L. R. A. (N. S.) 185; Indiana, B. & W. Railway Co. v. Allen, 113 Ind. 581, 15 N. E. 446; Kindred v. Union Pacific Railway Co., 225 U. S. 582, 56 L. Ed. 1216; United States v. Great Falls Mfg. Co., 112 U. S. 645, 28 L. Ed. 846; Boise Valley Const. Co. v. Kroeger, 17 Idaho, 384, 105 Pac. 1070, 28 L. R. A. (N. S.) 968; Northern Pacific R. Co. v. Murray, 87 Fed. 648; Ennis-Brown Co. v. Central Pacific Ry. Co., 228 Fed. 51; Western Union Telegraph Co. v. Georgia R. & Banking Co., 227 Fed. 291.

The rule also appears to be well established that the vendee of land, upon which a railway company has entered, takes such land subject to the burden of the railway and the right of payment by the railway company, if it entered by virtue of an agreement to pay, or to damages if the entry was unauthorized, and the right of payment or to damages belongs to the owner of the land at the time the railway company took possession, and such right to payment does not pass to the grantee of the land under a deed made subsequent to the time unless expressly conveyed therein. Roberts v. Northern Pacific Ry. Co., 158 U. S. 1, 39 L. Ed. 873.

In view of these well-established rules of law, the judgment of the trial court must be affirmed, and it is so ordered.

JOHNSON, V. C. J., and McNEILL, KANE, and NICHOLSON, JJ., concur.