## CITY OF CUSHING v. SARBER.

No. 11344—Opinion Filed July 31, 1923.

**1. Eminent Domain — Proceedings—Measure of Damages—Instructions.**

The measure of damages in condemnation proceedings where private property is taken in the exercise of the right of eminent domain under the statutes of Oklahoma, is the market value of the property actually taken at the time it is so taken and compensation for the impairment or depreciation of value done to the remainder. In ascertaining the amount of damages or compensation, the jury may take into consideration not only the purposes to which the remainder is or has been applied or used, but any other beneficial purpose for which the jury may see from the evidence such real property might reasonably be used and which would affect the amount of compensation or damages. An instruction stating the foregoing propositions held proper.

**2. Same—Verdict Not Excessive.**

Record examined, and verdict of $2,000 held not excessive.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Payne County; Arthur R. Swank, Judge.

Condemnation proceedings by the City of Cushing against Evelyn M. Sarber. Judgment for defendant, and plaintiff brings error. Affirmed.

Thomas A. Higgins, for plaintiff in error.

John P. Hickam, for defendant in error.

Opinion by LYONS, C. This suit was brought by the city of Cushing, as plaintiff, against Evelyn M. Sarber, as defendant, for the purpose of condemning for a water system for the city of Cushing certain lands belonging to the defendant, also for the purpose of condemning a pipe line right of way over a tract of land, and to condemn the water rights in a certain creek flowing across defendant's lands to a level of 808 feet above sea level.

The parties will be referred to as they appeared in the trial court; that is, the city of Cushing will be referred to as plaintiff, and the defendant in error, Evelyn M. Sarber, as defendant.

The commissioners appointed by the district court pursuant to the statute providing for condemnation fixed the defendant's damages at the sum of $775. The defendant was dissatisfied, and upon proper proceedings the issue was tried before a jury and judgment rendered in favor of the defendant in the sum of $2,000. The plaintiff filed a motion for a new trial, which was overruled, and plaintiff appeals. There is testimony sufficient to support the verdict.

The plaintiff contends that prejudicial error was committed by the court in admitting certain testimony tending to show a possible value for oil and gas in the premises involved in the action, and it is contended by the plaintiff that this element of damage was too speculative and remote to be taken into consideration. However, the court, in instruction number eight, specifically told the jury that the question of the probability or improbability of oil being discovered on said premises and the question as to the diminution of value of the land based on a theory that oil might flow into the city's dam to be constructed on the land, was not to be taken into consideration by the jury for the reason that these elements were too speculative and remote. Under these circumstances, the plaintiff could not be heard to complain.

The instructions of the court stated the ordinary principles applicable to controversies of this character. Seattle & M. R. Co. v. Roeder (Wash.) 70 Pac. 498; Mississippi & Rum River Boom Co. v. Patterson, 98 U. S. 403, 25 L. Ed. 206; Town of Sallisaw v. Priest, 61 Okla. 9, 155 Pac. 1093.

In instruction No. 8 the court stated:

"In ascertaining these amounts (of damage or compensation) you are to take into consideration not only the purposes to which the land is or has been applied or used, but any other beneficial purposes to which the jury can see from the evidence it might be reasonably used, and which would affect the amount of compensation or damages."

The court further gave the proper instruction as to measure of damages. Armstrong v. May, 55 Okla. 539, 155 Pac. 238; Garnett v. Storm, 64 Okla. 137, 166 Pac. 401; Town of Sallisaw v. Priest, 61 Okla. 9, 155 Pac. 1093.

The record in this case discloses that the case was fairly tried, that there is evidence to support the verdict, and that the jury viewed the premises; and further discloses that the instructions in the record as to the issues involved and as to the measure of damages were correct. The court

took away from the consideration of the jury any element of damage based on the probability of oil production, and the plaintiff cannot complain of the court's action in this respect.

The discrepancy between the finding of the commissioners in the sum of $775 and the verdict of the jury in the sum of $2,000 on controverted issues, is not a striking one, and we are unable to say from the record that the award of the jury is excessive or unfair.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.