GRAND RIVER DAM AUTHORITY v. GRAY et al.

No. 30785. June 1, 1943.

*138 P. 2d 100.*

Edward P. Marshall and Jess L. Ballard, both of Tulsa, for plaintiff in error.

Frank Nesbitt and Nellie Nesbitt, both

of Miami, L. Keith Smith, of Jay, and Beauchamp & Beauchamp, of Grove, for defendants in error.

PER CURIAM. This action was instituted by the plaintiff in error, hereinafter referred to as plaintiff, to condemn 52.6 acres of land in a 70-acre tract and in 60 acres of which the defendant Sally Fields had a life estate and in all of which the other defendants had other interests and estates. The commissioners appointed to view and appraise the damage which would be sustained as the result of the taking of the 52.6 acres assessed the same at the sum of $2,255. The defendants declined to accept the award so made and demanded a trial by jury. The plaintiff stipulated that in addition to a life estate in 60 acres of the 70-acre tract out of which plaintiff was seeking to appropriate 52.6 acres, the defendant Sally Fields had a life estate in a 60-acre contiguous tract and that both of said tracts comprised a single farm which was being operated as a unit at the time the condemnation proceedings were instituted. Notwithstanding such admission, however, plaintiff contended that the damage done to the 70-acre tract was all that could be considered in the condemnation proceeding. Over the objections and exceptions of the plaintiff, evidence was admitted to show the damage done to the property as a whole, and disclosed, in substance, that the value of the 70-acre tract in the opinion of the witnesses varied from $2,500 to $7,800, and that the appropriation of 52.6 acres would render the remainder of the 70-acre tract practically worthless, and in addition thereto would seriously impair the value of the farm as it had existed as a whole prior thereto. The jury by its verdict assessed the gross damages at the sum of $6,875, and in answer to a special interrogatory designated the sum of $1,625 thereof as representing the damage which had been done to the lands in which Sally Fields held life estates. Judgment followed the verdict, and the plaintiff appeals.

As grounds for reversal of the judgment plaintiff submits three propositions, which may be summarized as follows:

(1) The evidence of injury to the farm unit as a whole was improperly admitted.

(2) The giving of instruction No. 8 which authorized the jury to ascertain the gross damages which had been sustained to the property was error.

(3) That the verdict is without support of sufficient evidence and the damages awarded are excessive.

We will consider the contentions so made in their order. The plaintiff urges that since Sally Fields had life estates in two separate tracts and plaintiff was seeking to appropriate only a portion of one of said tracts, therefore it was necessary that damages resulting should be ascertained in separate actions, and that damages to the property considered as a single unit could not be properly ascertained in this type of action. In support of the contention so made plaintiff cites article 2, sec. 24 of the Constitution; Epperson v. Johnson, 190 Okla. 1, 119 P. 2d 818; Chicago, R. I. & P. R. Co. v. Jennings, 175 Okla. 524, 53 P. 2d 691. An examination of the constitutional provisions and the cases cited will reveal that they do not sustain the position of plaintiff, but insofar as applicable at all they merely provide that where private property which is not a portion of a tract sought to be condemned and the injury thereto is wholly consequential, the damages sustained may be recovered in a civil action brought for that purpose. The fallacy in the argument of the plaintiff lies in the assumption that when different estates in property are involved, the extent of the damage done to the separate estates involved must be ascertained and compensation made therefor. This is not the rule. On the contrary, as said in State ex rel. McCaskill v. Hall, 325 Mo. 165, 28 S. W. 2d 80, 69 A. L. R. 1256;

" 'When there are different interests or estates in the property, the proper course is to ascertain the entire compensation as though the property belonged to one person, and then appor-

tion this sum among the different parties according to their respective rights. The value of property cannot be enhanced by any distribution of the title or estate among different persons, or by any contract arrangements among the owners of different interests. Whatever advantage is secured to one interest must be taken from another, and the sum of all the parts cannot exceed the whole.' 2 Lewis on Eminent Domain (3d Ed.) section 716, p. 1253.

" 'The situation of the estate and the manner of its occupation are doubtless to be taken into consideration in estimating the injury caused by disturbing that occupation. But between the public and the landowner it is but one estate. The public rght is exercised upon the land itself, without regard to subdivisions of interest by which the subject is affected through the various contracts of individual owners. The public cannot be expected to forego its right to take property for public uses because the exercise of that right will defeat private contracts; nor is it reasonable that losses arising from the failure of such contracts, which otherwise might furnish grounds of damage between the individual parties, should measure the compensation to be rendered for the property so taken. Such a rule would seriously impair the public right. A fair compensation for the property taken and injury done, ascertained by general rules, is a substitute to the owners for that of which they are deprived. That is the whole of the transaction with which the public is concerned. The apportionment is merely a setting out to the several owners of partial interests of their corresponding rights in the fund which has been substituted for the property taken.' Edmands v. Boston, 108 Mass. 535, 544.

"It is settled, however, that condemnation proceedings are in rem, against the property, for which the award, when made, stands as belonging to those formerly having interest in the property and in the same proportion."

In the case at bar the plaintiff admits that Sally Fields was the owner of life estates in the two tracts of 70 and 60 acres, respectively, which were contiguous, and which constituted a single farm, but then proceeds to argue that since the estates had been acquired from separate sources and the owners of remainders of the several tracts were different, this in some manner changed the rule relative to the determination and assessment of the damages done to the property as a whole. As pointed out above, the nature of the estates of the respective persons in the land involved was of but minor concern to the plaintiff, since upon ascertainment of the damage which the appropriation of the 52.6 acres would effect and payment of the amount assessed as damages resulting therefrom, the plaintiff had no further interest in the transaction.

The damages to the property were to be ascertained in the manner directed in Oklahoma Gas & Electric Co. v. Kelly, 177 Okla. 206, 58 P. 2d 328:

"The measure of damages in condemnation proceedings where private property is taken in the exercise of the right of eminent domain under the statutes of Oklahoma is the market value of the property actually taken, at the time it is so taken, and for the impairment or depreciation of value done to the remainder. And in ascertaining the amount of damages it is proper, among other things, to consider the inconvenience and annoyance likely to arise in the orderly exercise or conduct of the enterprise which interferes with the use and proper enjoyment of the property by the owner and which sensibly impairs its value."

See, also, Incorporated Town of Sallisaw v. Priest, 61 Okla. 9, 159 P. 1093; City of Cushing v. Sarber, 92 Okla. 59, 217 P. 866; Oklahoma Natural Gas Co. v. Coppedge, 110 Okla. 261, 237 P. 592; City of Tulsa v. Creekmore, 167 Okla. 298, 29 P. 2d 101.

The trial court did not err in admission of evidence relative to the injury done to the entire property involved. The contention of plaintiff to the contrary cannot be sustained.

The contention of plaintiff relative to the giving of instruction No. 8 is based upon the assumption that its contention relative to the improper admission of evidence, and discussed hereinabove, was correct. Since we have held to the contrary, no useful purpose could

be served by setting out the instruction totidem verbis, but it suffices to say the instruction given was essentially proper and authorized the jury to ascertain the gross damage although it at the same time advised that in so doing they could take into consideration the unity of estates which Sally Fields had in the combined property. The instruction under the circumstances was not erroneous.

The final contention of plaintiff is that the verdict is not reasonably supported by the evidence and that the amount of recovery allowed is excessive. The plaintiff cites no authority to support the contention so made but urges that evidence introduced was insufficient to establish the value of the life estates which Sally Fields held in the two tracts involved. If the value of said life estates had been a proper subject of inquiry, then there would be considerable merit in the contention of the plaintiff with respect to the sufficiency of proof thereon. However, as we have heretofore pointed out, the nature of the estates involved was wholly immaterial and the error, if any, in admission of the evidence relating to value of any of the defendants' interest in the property was of concern only to the persons involved in connection with apportionment of the damages awarded and was wholly a matter of unconcern to the plaintiff. See 20 C. J. 850, and State ex rel. McCaskill v. Hall, supra, and the notes under the A. L. R. citation. With respect to the contention that the verdict is excessive, it suffices to say that plaintiff has wholly failed to show any facts upon which this contention can rest other than that there was evidence in the record which would have supported a verdict in a less amount than that which was returned by the jury. This is insufficient to maintain the contention that the verdict rendered was excessive. As previously stated, there was evidence reasonably tending to support the recovery allowed. No reversible error is presented in the record submitted for review.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.