Irene SWATEK, Appellee,

v.

BOARD OF REGENTS OF OKLAHOMA COLLEGES, Appellant.

No. 47112.

Supreme Court of Oklahoma.

April 29, 1975.

Shirk, Semtner, Work & Robinson, George H. Shirk, Oklahoma City, Steven E. Clark, Legal Intern, for appellee.

Larry Derryberry, Atty. Gen., of Oklahoma, Joe C. Lockhart, Asst. Atty. Gen., Oklahoma City, for appellant.

DAVISON, Justice:

Board of Regents of Oklahoma Colleges (Appellant) appeals from a judgment rendered against it in favor of Irene Swatek (Swatek) in a proceeding in reverse con-

demnation filed by Swatek to recover her loss because of inability to collect unpaid installments of paving assessments previously assessed against property Appellant had subsequently acquired by conveyance from owners of such property.

There are no disputed facts and the only issue presented in this appeal is determination of the applicable law governing the facts. The general question is whether Appellant is liable for payment of the paving assessments.

The record discloses that the City of Edmond by resolution created a paving district. The City later (September 11, 1960) adopted an ordinance assessing each of the lots and parcels therein, payable in 10 equal annual installments, and creating a lien upon the same for the cost of the improvement. 11 O.S.1971, § 103. The last installment was payable by and on September 1, 1970. In due course the City issued paving bonds numbered 1 to 32, both inclusive, and Appellee Swatek is the owner of bonds 26 to 32, both inclusive, which bonds were due October 1, 1970.

Subsequent to creation of the paving district and issuance of the bonds, the Appellant bought three tracts of land within the paving district and took title by warranty deeds from the respective owners. Tract 1 was acquired September 30, 1965; Tract 2 on April 13, 1966; and Tract 3 on August 31, 1970. The last five installments on Tracts 1 and 2, and the last installment on Tract 3, all becoming due and delinquent after Appellant acquired title, were not paid by Appellant. The installments due on this property are the sole and only outstanding and delinquent assessments in the paving district, and are the only source from which Swatek's bonds could ever be paid.

Swatek filed the instant reverse condemnation proceeding February 3, 1972, against Appellant and the City of Edmond. The City was made a party because any surplus remaining from collection of assessments, after payment of the bonds and interest, would inure to the City, to be used to repair and maintain the paving improvement. 11 O.S.1971, § 105. The Commissioners in reverse condemnation, inter alia, found the amounts due and unpaid, and that the acquisition of the three Tracts and refusal of Appellant to pay the paving assessments had deprived Swatek of her only means of securing satisfaction of the amount due on her bonds.

The trial court found the facts and circumstances were basically as above set out and as reported by the Commissioners in their report, that because of Appellant's taking of the property for public use, Swatek's loss or damage was $2012.50 and City of Edmond's damage was $371.63, and rendered judgment against Appellant.

The Appellant was created by Article 13–B of the Oklahoma Constitution, and implementation was by 70 O.S.1971, §§ 3507 to 3510, inclusive, and whereby (§ 3509) it was made a body corporate. In the present proceeding Appellant represents the State of Oklahoma.

Appellant contends the trial court erred in finding there was a taking of Swatek's property for which she was entitled to compensation.

This court does not agree with this contention.

Article 2, § 24, Oklahoma Constitution, is the prohibition against taking private property for public use without just compensation. Therein is a requirement of notice to "all parties in interest" and a provision that "Any party aggrieved" shall have the right of appeal.

Title 66 O.S.1971, § 53 (Amended Laws 1971, c. 33, § 1), governs judicial procedure for acquisition of private property for public use by those (66 O.S.1971, § 57) entitled to use condemnation. Therein it names those whose property is being acquired as "owner of any real property *or interest* therein" (emphasis added) and provides "either party" may start the court proceedings.

It should be remembered that the present paving assessments were levied *prior* to

Appellant's acquisition of the tracts of land.

In 11 O.S.1971, § 103, it is provided that "Such special *assessments,* and *each install-ment* thereof and the *interest* thereon are hereby declared to be a *lien* against the lots and tracts of land so assessed * *, *co-equal* with the lien of *other taxes* and *prior* and *superior* to all other liens * * *, and such lien shall continue as to *unpaid installments* and *interest* until such assessments and interest thereon shall be fully paid, * * *." (Emphasis added.)

In Graham v. City of Duncan, Okl., 354 P.2d 458, we said that the term "property" as used in Oklahoma Constitution, Art. 2, § 24, regarding taking private property for public use for which compensation must be paid includes not only real estate held in fee, but also easements, personal property and *every valuable interest which can be enjoyed and recognized as property.*

█ Swatek, as owner of the paving bonds and resulting lien upon the real property, had the right to prosecute an action to foreclose her paving lien in the event the paving assessment or any installment thereof became delinquent. 11 O.S. 1971, § 107. However, now that Appellant has acquired the property and it has become public property, this right of enforcing the assessments by foreclosure is not available to Swatek. Blythe v. City of Tulsa, 172 Okl. 586, 46 P.2d 310.

It is our conclusion that, as set out in the above constitutional and statutory provisions, Swatek was a party "in interest," a party "aggrieved", and owner of an "interest" in the property. We conclude also that the paving assessment liens were a valuable interest recognized as property. It is true Swatek could not enforce this lien as each installment became due and delinquent, but this unenforceable lien (caused by Appellant) furnished the very basis for Swatek's reverse condemnation proceeding to recover under Art. 2, § 24, Oklahoma Constitution.

In Morse v. Board of County Commissioners of Marshall County, 169 Okl. 600, 38 P.2d 945, we held that a mortgagee of property sought to be condemned was an "owner" or "person interested in property," and as such was entitled to compensation from the condemning party.

Since a mortgagee is entitled to be compensated we can see no legal or logical reason why Swatek, as the holder of a valid paving assessment lien, would not be entitled to be compensated.

█ Appellant also contends in effect, that even if Swatek should be found to be entitled to compensation, there was no legislative appropriation for such purpose. Citing Art. 5, § 55, Oklahoma Constitution, that no money shall be paid out of the state treasury, nor any of its funds, nor any of the funds under its management, except in pursuance of an appropriation by law.

This contention is premature and not appropriate at this time. The question of means and ways to make payment will arise only if the State should refuse to pay a valid and legal obligation found by this Court to be owing by the Appellant.

█ Appellant further contends that Swatek is barred by limitations from prosecuting the present proceeding.

It is Appellant's position that Swatek's right to institute a proceeding in reverse condemnation arose at the time Appellant acquired the tracts of land. This was: Tract 1, September 30, 1965; Tract 2, April 13, 1966; and Tract 3, August 31, 1970. Appellant contends the applicable period of limitation is 3 years as provided in 12 O.S.1971, § 95, Subd. 2, and cites City of Oklahoma City v. Daly, Okl., 316 P.2d 129.

However, we may assume Appellant is correct, as to the three-year limitation being applicable generally to reverse condemnation proceedings, and still conclude that Swatek in the present situation filed this proceeding within such three-year period. The purpose of Swatek's present proceeding is to recover or recoup the sums

due on her paving bonds which would have been satisfied by payment of the installments as they regularly became due. We have held, supra, that Swatek is a person entitled to be compensated by Appellant.

In 11 O.S.1971, § 105, it is provided that, "No statute of limitations shall commence to run against any installment until after maturity of all installments."

The last installments matured September 1, 1970. Swatek filed this proceeding February 3, 1972. We conclude the proceeding was instituted well within the three-year period.

Appellant contends that the Commissioners employed an improper measure of damages, in that the full amounts of the assessments due following Appellant's acquisition of the property was charged to Appellant.

The gist of Appellant's argument is that there was no showing that Appellant paid less than the full market value of the tracts, "including all outstanding interests and encumbrances;" that Appellant was not obligated to pay, as compensation more than the full value of the property taken as a whole, citing Grand River Dam Authority v. Gray, 192 Okl. 547, 138 P.2d 100. In the Gray case we held the value of property sought to be condemned cannot be enhanced by any distribution of the title or estate among different owners; and that the proper course was to ascertain the entire compensation as though the property belonged to one person, and then apportion this sum among the different parties, according to their respective rights.

■ We believe this proposition could be appropriately advanced in a proceeding where the condemnor was seeking to acquire the property and all owners of interests were parties and could present their claims to the total compensation, but we fail to apprehend in what way it is appropriate in the present situation. Swatek owned an assessment lien which, while not matured, was superior to all other liens against such tracts, and was co-equal with the lien of other taxes. (11 O.S.1971, §

103). To say Swatek could be prejudiced because Appellant paid its grantors the full market value of the property, including outstanding interests and encumbrances, would be saying Appellant could ignore prior valid liens on the property.

We find no merit in Appellant's contention.

Appellant further contends the lower court erred in including interest and penalties in the amount constituting the loss suffered by reason of Appellant acquiring the properties.

■ As stated above, the City of Edmond was made a defendant because under the statute (11 O.S.1971, § 105) it was, after payment of all paving "bonds and interest thereon", entitled to retain any "surplus" remaining in the paving fund for the purpose of repairing and maintaining the paving improvement. This "surplus", which would have accrued to the City from interest and penalties because of non-payment of the assessments, was found to be $371.63, and this was fixed as the City's loss by reason of Appellant's purchase of the properties. However, the City of Edmond was not included in this appeal, and consequently we cannot pass upon the merit of Appellant's contention in connection with the City's recovery.

This leaves for consideration the merit of Appellant's contention as applied to the amount of the judgment in favor of Swatek.

Appellant cites Wilson v. City of Hollis, 193 Okl. 241, 142 P.2d 633, in which a paving bond holder sought by mandamus to require the Board of Education of the City of Hollis to provide in its budget for funds to pay installments of paving assessments levied against the property of the Board of Education, including accrued penalty. We held therein that under the applicable law the limit of a municipality's liability was an amount to be levied annually to pay the maturing installment and interest due on it at that date, and that penalties could not be collected from a municipality (school district).

**300**

The cited case and rule of law are not applicable because the situation in that case and the situation in the present case are not the same. In the cited case, involving a school district, a statute (11 O. S.1971, § 100, essentially in its present form) provided that property owned by a city, school district, et al., located in a paving district was subject to paving assessment. The statute was the basis for assessment liability according to its terms, and for mandamus and enforcement against the municipality.

In the present case there was no statute applicable to property owned by the State or a State agency. Swatek was forced to rely upon the Oklahoma Constitutional provision (Art. 2, § 24) prohibiting taking of private property without just compensation, and upon reverse condemnation with appointment of Commissioners to assess the damages sustained by Swatek as a paving bond holder. The Commissioners herein assessed Swatek's damages or loss at the amount due on her bonds, and certainly it could not have been more. It was a matter of determining the value of Swatek's interest in the property and her consequent loss thereof.

We find no reversible error in the matters raised and presented by Appellant.

Affirmed.

All Justices concur.