STATE of Oklahoma ex rel. DEPART-MENT OF TRANSPORTATION, Appellant/Counter–Appellee,

v.

Michael Ray PENDERGRAFT, Appellee/Counter–Appellant,

and

Marty Alexander and Jan Alexander, husband and wife; and Board of County Commissioners of Woodward County ex rel. Woodward County Treasurer, Defendants.

No. 86698.

Court of Appeals of Oklahoma, Division No. 4.

April 23, 1996.

Certiorari Denied June 25, 1996.

---

Vickie L. Cook, Woodward, for Appellant.

Donald R. Liles, Liles & Laubhan, Woodward, for Appellee.

## MEMORANDUM OPINION

TAYLOR, Presiding Judge.

Plaintiff, State of Oklahoma ex rel. Department of Transportation (ODOT), appeals pursuant to the accelerated procedures of Civil Appellate Procedure Rule 1.203(A), 12 O.S.Supp.1995, ch. 15, app. 2, from the trial court's grant of summary judgment to Defendant Michael Ray Pendergraft (Pendergraft). Disagreeing with the trial court's determination that Pendergraft, a mortgagee, was not a party in interest to this condemnation action as a matter of law, we reverse and remand.

The essential facts are undisputed. In March 1990, ODOT commenced proceedings to condemn part of a tract of land owned by Defendants Marty and Jan Alexander (the Alexanders). Pendergraft, the holder of a mortgage covering the entire tract, also was named as a defendant. Commissioners appointed by the court estimated the value of the taken property to be $12,566, which ODOT promptly tendered into court. Although a jury demand is not contained in the record, the parties do not dispute that ODOT thereafter filed a timely demand for jury trial. In October 1990, the Alexanders applied for disbursement of the court-held funds. Pendergraft, whose mortgage lien at that time exceeded $25,000, filed a motion requesting that a portion of the proceeds be paid to him. In October 1990, the trial court approved disbursement of $5,654.70 directly to Pendergraft. The remainder was distributed to the Alexanders.

Pendergraft credited the full amount he received from the court against the Alexanders' mortgage. Approximately two years later, in October 1992, while this action was still pending,[1] the Alexanders, evidently having obtained alternative financing, paid off the Pendergraft loan. Pendergraft immediately released his lien on the entire tract of land, reciting in the release that the lien was fully paid and satisfied.

In July 1995, Pendergraft filed a motion for summary judgment seeking a determination that (1) he was not an owner of the condemned property; (2) the commissioners'

---

1. The delay in the progress of this case is not explained in the record.

award was paid into court for the sole benefit of the Alexanders; (3) ODOT was restricted to seeking return of the commissioners' award from the Alexanders; (4) Pendergraft could not be liable for the return of any funds received from the commissioners' award; (5) the Alexanders should be held liable to Pendergraft for the return of any of the commissioners' award previously applied to their debt; and (6) Pendergraft was entitled to a lien for any amounts he was required to return. The trial court, apparently determining that, because of the mortgage release, Pendergraft was no longer an interested party, granted Pendergraft's motion "for the purpose of his dismissal from this action."

ODOT appeals. It alleges, among other issues of error, that the trial court erred in ruling as a matter of law that Pendergraft was no longer a party in interest to this proceeding. We agree with ODOT.

Where possession of condemned property is taken for public use, the Oklahoma Constitution, art. 2, § 24, entitles the "owner" of property to immediately receive the award, subject to "the right of either party to prosecute further proceedings" concerning the sufficiency or insufficiency of the award. In *Morse v. Board of County Commissioners,* 169 Okla. 600, 38 P.2d 945 (1934) (syllabus by the court), the Oklahoma Supreme Court determined that the terms of section 24 were broad enough to include an unpaid mortgagee. It held that a mortgagee is an "owner," or interested party, within the meaning of section 24, and is thus entitled to compensation as provided by that section. *Id.* As such, according to the court, mortgagees are entitled to have their interests adjudicated along with the fee owner, and to have *"their part of the damages awarded them, or their mortgage lien declared to have been a lien upon the amount awarded by the commissioners or allowed by the jury."* 169 Okla. at 604, 38 P.2d at 950 (emphasis added).

In keeping with the holding of *Morse,* it follows that if a mortgagee opts to have the commissioners' preliminary award paid directly to him—rather than simply having his

mortgage declared a lien on an award—then the mortgagee remains subject to the same terms as the fee owner who chooses to draw out the award prior to having a jury determine its sufficiency. Such terms include, as set forth in section 24, the right of the condemning authority to seek a judicial determination of the sufficiency or insufficiency of the award. In this regard, see *Department of Transportation v. New Century Engineering and Development Corp.,* 97 Ill.2d 343, 73 Ill.Dec. 538, 454 N.E.2d 635 (1983), where the Illinois Supreme Court held that a mortgagee remained liable for its proportionate share of excess funds that it withdrew from a preliminary fund established by a condemning authority.

We reject Pendergraft's reliance on *Grand River Dam Authority v. Gray,* 192 Okla. 547, 138 P.2d 100 (1943), in which the supreme court held that a condemning authority has no interest in the manner in which a condemnation award is distributed. *Gray* is distinguishable, in that it concerned apportionment of a condemnation award that *had already been determined by a jury.* Such is not the case here, where ODOT's statutorily protected request for a jury trial to determine the appropriate award remains unfulfilled. 69 O.S.1991 § 1203. Following Pendergraft's rationale would unreasonably shift the risk of an undersecured property loan to the condemning authority—a result clearly not contemplated by any statutory or case law governing condemnation procedure in Oklahoma.

By applying for, and accepting, the direct distribution of the commissioners' preliminary award, Pendergraft subjected himself to ODOT's right to pursue him in equity for the return of a proportionate share of any excess found by a jury to have been awarded by the commissioners. Pendergraft remains a party in interest to this proceeding, and the trial court erred by holding otherwise.[2]

Our disposition of this appeal on the foregoing grounds renders unnecessary our consideration of ODOT's other allegations of error, and of Pendergraft's counter-appeal seeking reversal of the trial court's post-

2. Our holding today, reversing the decision of the trial court, is without prejudice to Pendergraft's

reassertion of any rights against the Alexanders in the trial court.

judgment denial of his motion for attorney fees. The counter-appeal is hereby dismissed as moot.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, C.J., and REIF, J., concur.