## OKLAHOMA NATURAL GAS CO. v. COPPEDGE.

No. 15458—Opinion Filed June 16, 1925.

1. **Eminent Domain—Measure of Damages for Taking.**

The measure of damages in condemnation proceedings where private property is taken in the exercise of the right of eminent domain under the statutes of Oklahoma is the market value of the property actually taken, at the time it is so taken, and for the impairment or depreciation of value done to the remainder. And in ascertaining the amount of damages it is proper, among other things, to consider the inconvenience and annoyance likely to arise in the orderly exercise or conduct of the enterprise which interferes with the use and proper enjoyment of the property by the owner and which sensibly impairs its value.

2. **Appeal and Error—Incompetent Evidence—Necessity for Injury.**

Before a cause will be reversed on account of the admission of incompetent evidence it must affirmatively appear that the admission of such evidence resulted prejudicially to the interest of the one making such objection.

3. **Appeal and Error—Review—Conclusiveness of Judgment.**

The judgment of the trial court in a legal action has the same force and effect in the Supreme Court as the verdict of a jury, and where there is competent evidence which reasonably tends to support it, such judgment, though based on conflicting testimony as to an issue of fact, will not be disturbed.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Oklahoma Natural Gas Company against O. C. Coppedge. From judgment in favor of defendant, plaintiff brings error. Affirmed.

Humphrey & Campbell, for plaintiff in error.

Streeter Speakman, for defendant in error.

Opinion by PINKHAM, C. This action was instituted in the district court of Creek county by the Oklahoma Natural Gas Company, as plaintiff, against O. C. Coppedge, as defendant.

The Oklahoma Natural Gas Company ran a pipe line through the farm of the defendant, Coppedge. The parties failing to agree upon a settlement, a board of appraisers was appointed who appraised the damage to the defendant's land at $150. After the report of the commissioners was made to the court assessing damages in the amount of $150, a jury was waived and the case was tried to the court.

It was agreed by counsel for plaintiff and defendant that the only question to be determined was the amount of damages that should be awarded on account of the right of way which had theretofore been condemned across defendant's property.

At the close of the trial the court rendered judgment in favor of the defendant against the plaintiff for the sum of $150.

The plaintiff, Oklahoma Natural Gas Company, has filed its appeal to this court and for reversal of the judgment assigns as error: First, the court erred in admitting incompetent testimony; and, second, that the judgment is excessive.

It is contended that the court committed error in the admission of incompetent evidence.

The record discloses that the defendant owned a farm of 80 acres which, he stated in his testimony, was valued at $8,000.

The plaintiff company ran its line through this 80 acres of land.

The testimony shows that over the pipe line the crop did not grow as well as on the other land; that the ridges left had caused ditches to wash in the land; and that the plaintiff company maintained a pipe line walker who continuously walked this pipe line and wore a path through the middle of the land.

The defendant testified that the value of his farm had been depreciated by reason of the construction of the pipe line through his land at least $500.

R. T. Stafford, a witness for the defendant, testified to the effect that other companies building pipe line through that part of the country at about the same time the plaintiff constructed its line over the defendant's land paid for such right of way to one J. D. Ray the sum of $350 for permission to construct an oil pipe line across his land.

It is earnestly urged that the testimony of the defendant to the effect that his farm had depreciated $500 was simply his opinion of the amount of damages (which he had sustained, and that it was incompetent for the defendant to state his opinion as to the amount of his recovery.

In the case of Incorporated Town of Sallisaw v. Priest, 61 Okla. 9, 159 Pac. 1093, it is said:

"The question of opinion evidence is addressed very largely to the sound discretion of the trial court and its ruling that the witness is sufficiently qualified will not ordinarily be disturbed unless it clearly appears that this discretion has been abused."

It is further contended that the testimony of the witness, Stafford, to the effect that other companies had been paid certain amounts for rights of way in that county was hearsay evidence and therefore incompetent.

The judgment of the trial court conclusively shows that it disregarded the testimony of both these witnesses, inasmuch as the judgment of the court was in the sum of $150 as the amount of damages suffered by the defendant.

It cannot, therefore, be said, we think, that the plaintiff was prejudiced by the testimony of the defendant or of the witness, Stafford.

Furthermore, the record discloses that the trial court reserved its ruling on the plaintiff's objection to the testimony of defendant and the witness, Stafford, until the final argument and determination of the court at the close of the trial.

"Before a cause will be reversed on account of the admission of incompetent evidence it must affirmatively appear that the admission of such evidence resulted prejudicially to the interest of the one making such objection." Yukon Milling & Grain Co. v. Imperial Roller Mills Co., 34 Okla. 817, 127 Pac. 422.

It is the plaintiff's contention that in the absence of this testimony on the part of the defendant, the testimony of the plaintiff to the effect that the damages suffered by defendant by reason of the construction of the pipe line across his land would not be more than $20 or $25 would be controlling.

It is admitted that in digging the ditch and in filling the same some damage was done to the land for which the defendant is entitled to compensation, but that he cannot recover on account of damages and injury to the crop growing on the land be-

cause, as it is claimed, the proof shows that the plaintiff has paid for all damages to the defendant's tenant and that such payment was fully justified by the law; and in this connection the case of Givosdanovic v. Harris, 38 Okla. 787, 134 Pac. 28, is cited, in which case the court said:

"Where a tenant cultivates and matures a crop of corn under a rental contract•providing that he shall pay a portion of the crop as rents and shall gather same and deliver to the landlord his rents at some place upon the premises, or at some other place, to be designated by him, the tenant has a right to the possession of the entire crop of corn until the same is gathered and divided and can maintain replevin therefor."

It is argued that the crop damage having already been paid to the tenant who, under the law, would have been entitled to have sued for and recovered such damage, the fact that the defendant, as landlord, had a landlord's share of the crop when the same was matured and harvested was not material in this case, and that a showing of his interest in the crop was wholly without materiality.

We are unable to agree with this contention of the plaintiff company.

The rule announced by this court in relation to the damages recoverable in condemnation proceedings, is stated in the case of Incorporated Town of Sallisaw v. Priest, supra, as follows:

"The measure of damages in condemnation proceedings where private property is taken in the exercise of the right of eminent domain under the statutes of Oklahoma is the market value of the property actually taken, at the time it is so taken, and for the impairment or depreciation of value done to the remainder. And in ascertaining the amount of damages it is proper, among other things, to consider the inconvenience and annoyance likely to arise in the orderly exercise or conduct of the enterprise which interferes with the use and proper enjoyment of the property by the owner and which sensibly impairs its value."

It is conceded by the plaintiff company that the laying of the pipe line affected the value of defendant's land, and the only question in the case is to what extent the defendant was damaged thereby.

Upon a careful examination of the entire record we cannot say that the errors complained of have probably resulted in a miscarriage of justice or constitute a substantial violation of a constitutional or statutory right (sec. 2822, Comp. St. 1921).

We do not think it can be said that the

verdict is so excessive as to justify this court in disturbing the same.

The judgment of a trial court in a legal action has the same effect and force in the Supreme Court as the verdict of a jury, and, where there is competent evidence which reasonably tends to support it, such judgment, though based on conflicting testimony as to an issue of fact, will not be disturbed.

We think the judgment of the lower court should be affirmed.

By the Court: It is so ordered.

Note—See under (1) 20 C. J. pp. 730, 734, 783, 827; 10 R. C. L. pp. 128, 129; 2 R. C. L. Supp. 976; 5 R. C. L. Supp. 545. (2) 4 C. J. p. 969. (3) 4 C. J. pp. 876, 884.