## STATE ex rel. SOUTHWESTERN NATURAL GAS CO. v. BREWER.

## SOUTHWESTERN NATURAL GAS CO. v. STERLING.

Nos. 27921, 28007. Consolidated.
November 15, 1938.

Rehearing Denied Jan. 31, 1939.

N. A. Gibson, Jr., and Gibson & Holleman, for plaintiff in error.

Benjamin B. Wheeler, for defendant in error.

HURST, J. This is an appeal by transcript from a judgment entered in a condemnation action. Another phase of this controversy has been considered by this

court in Southwestern Natural Gas Co. v. Vernor, District Judge (1936) 178 Okla. 344, 62 P.2d 1262, wherein prohibition and mandamus were denied. The facts presented here are as follows:

On September 11, 1930, the Southwestern Natural Gas Company filed its petition for appointment of condemnation commissioners, thus commencing proceedings to condemn a right of way across the land of defendant Sterling for the purpose of laying a gas pipe line and telephone line. The parties in their briefs are not in accord as to whether plaintiff entered upon the premises of defendant before or after commencing the proceedings, and the record on this point is not altogether clear. However that may be, it is undisputed that the entry was made prior to the date of the award of the condemnation commissioners. The defendant filed an answer and cross-petition in the condemnation proceedings, but on January 23, 1935, the court ordered this pleading stricken from the files and appointed commissioners to assess the damages. The report of the commissioners was returned on February 19, 1935, awarding defendant the sum of $2 000. Thereupon, plaintiff, feeling aggrieved, filed a demand in writing for a trial by jury. Plaintiff did not pay the sum awarded by the commissioners, and subsequently, on April 13, 1935, upon motion of defendant, the court entered its "order and judgment" finding that "the defendant is entitled to the immediate payment of $2,000 from the plaintiff," and rendered judgment accordingly. As plaintiff still failed to pay said sum, the defendant filed a motion to strike plaintiff's demand for a jury trial and asked the court to again render judgment for the amount of the award with interest "because of plaintiff's failure to comply with the order of this court, dated April 13, 1935." Thereupon, on January 15, 1937, the court entered an order finding that plaintiff was in contempt of court and that plaintiff's demand for a trial by jury should be stricken, and again rendered judgment in favor of defendant as prayed for.

The plaintiff did not pay said sum, but attempted to appeal to this court by case-made, and the trial court refused to sign and settle the case-made until plaintiff made payment. Thereupon, plaintiff brought an original action in this court, styled State ex rel. Southwestern Natural Gas Co. v. O. H. P. Brewer, District Judge, No. 27921. by which it sought to compel the judge to sign and settle the case-made. That matter,

however, has not been passed upon by this court, and the Southwestern Natural Gas Company has brought this appeal by transcript and has attached as an exhibit the purported case-made which the trial court had refused to sign and settle. The proceeding against the district judge, case No. 27921, has apparently been consolidated with this appeal, but the parties make no reference to it in their briefs, and since the gravamen of both actions is the right of plaintiff to a trial by jury irrespective of the payment of the award of the commissioners, our views on the question of law urged in this appeal will dispose of both matters.

Plaintiff takes the position that the Constitution guarantees to any party feeling aggrieved at the award of the condemnation commissioners the absolute right of appeal and trial by jury in a court of record, and that this right cannot be denied because of the failure to pay the award of the commissioners. It is argued that it is true that the reason stated for such action by the trial court was that plaintiff was in contempt for failing to comply with its order, but that if it was in contempt, it was an indirect contempt and the company was adjudged guilty without an accusation, hearing, or trial by jury, and furthermore, the court had no power to punish for contempt by denying the company its constitutional right to a trial by jury.

Although it is recited in the journal entry of judgment that plaintiff was guilty of contempt, we do not think that the authority of the court to deny plaintiff the right to appeal from the award of the commissioners and secure a jury trial need be predicated on the power of a court to punish for an indirect contempt. Rather the authority is found in the construction of the constitutional provision itself, and under the view we take of the matter it becomes unnecessary to pass upon the question of the sufficiency of the proceedings as an action for contempt or the power of the court to punish for contempt.

Section 24, art. 2, of the State Constitution provides in part:

"Private property shall not be taken or damaged for public use without just compensation. Such compensation, irrespective of any benefit from any improvement proposed, shall be ascertained by a board of commissioners of not less than three freeholders, in such manner as may be prescribed by law. * * * Any party aggrieved shall have the right of appeal, without bond,

and a trial by jury in a court of record. Until compensation shall be paid to the owner, or into court for the owner, the property shall not be disturbed, or the proprietary rights of the owner divested. When possession is taken of property condemned for any public use, the owner shall be entitled to the immediate receipt of the compensation awarded, without prejudice to the right of either party to prosecute further proceedings for the judicial determination of the sufficiency or insufficiency of such compensation."

The Legislature has amplified the procedure prescribed in the Constitution, as applied to railroad corporations, in sections 11931, 11932, and 11933, O. S. 1931 (66 Okla. St. Ann. sections 5354, 55), and has by section 11935, O. S. 1931 (66 Okla. St. Ann. sec. 57), made such procedure applicable to all corporations having the right of eminent domain.

In interpreting the constitutional and statutory provisions on this subject, they must be strictly construed in favor of the owner and against the condemning party. Stinchcomb v. Oklahoma City (1921) 81 Okla. 250, 198 P. 508. Plaintiff relies on that sentence in the constitutional provision which states that "any party aggrieved shall have the right of appeal, without bond, and a trial by jury in a court of record." But it fails to consider the ensuing provision which states that "when possession is taken of property condemned for any public use, the owner shall be entitled to the immediate receipt of the compensation awarded, without prejudice to the right of either party to prosecute further proceedings for the sufficiency or insufficiency of such compensation." The entire provision must be construed together. When so done, it will be observed that there are two rights guaranteed: (1) The right of the landowner to immediate payment of compensation when the condemning party takes possession of the premises; and (2) the right of the condemning party, when he feels aggrieved, to an appeal and trial by jury. Where the condemning party takes possession prior to the award of the commissioners, as in this case, the landowner is, upon the rendition of the award, entitled to the immediate receipt of the compensation awarded and either party is then entitled to appeal, without bond, and have a trial by jury. The phrase, "without prejudice to the right of either party to prosecute further proceedings for the judicial determination of the sufficiency or insufficiency of such compensation," simply means that the payment of the compensation awarded shall not operate as a waiver or estoppel, or affect the right of either party to appeal. In this situation, the right of the landowner is a prior right. The condemning party cannot ask the enforcement of its right to appeal and trial by jury, and at the same time fail to perform its prior duty required by the Constitution for the protection of its adversary. To permit this would inevitably result in failure to accomplish the purpose of the fundamental law. Therefore, under such circumstances, the right of the landowner must be construed as a condition precedent to the recognition of the right guaranteed to the condemning party.

If plaintiff should argue that upon a reduction of the award on appeal the burden will be cast upon it to recover back a portion of the award that it had been compelled to pay, the answer is that the constitutional provision makes it so if plaintiff elects to enter upon the land of another before the final determination of the amount of compensation to be paid. If plaintiff had refrained from entering upon the premises of defendant until the compensation had been determined by the commissioners and reviewed by the jury and finally ascertained, then, of course, no immediate payment would be required until possession was taken.

The fact that an appeal is authorized from the award of the commissioners "without bond" further exemplifies the construction that where the condemning party has already taken possession, immediate payment of the award must be made as a condition precedent to the right of appeal and trial by jury. The payment required is in lieu of a bond. The landowner is thereby protected. If the condemnor does not take possession, no bond is necessary.

In states where a bond is required upon appeal, it is held that upon failure to file such bond as is required, the court can require one to be filed, or dismiss the appeal at its option. 20 C. J. 1106, sec. 480. Here the trial court required the immediate payment of the award, which is in lieu of the bond, and upon the failure to make such payment, ordered the demand for a jury trial stricken, which was in effect to dismiss the appeal. This the court had full authority to do, as a means of enforcing the terms of the fundamental law.

Plaintiff points to the language of City of Seminole v. Fields (1935) 172 Okla. 167, 43 P.2d 64, as indicating a contrary view. It there appears that entry was made upon

the landowner's premises before condemnation proceedings were commenced and that a condemnation award by the commissioners and an action for damages by the landowner were tried together to a jury before any payment was actually made. But in that case the appeal from the commissioners' award was by the landowner, and his right to immediate payment of the award was not raised. Such right was apparently waived, which may be done, inasmuch as it is for the exclusive benefit of the landowner. There is nothing to indicate that if he had raised such an issue, he would not have been entitled to immediate payment of the amount found due by the commissioners prior to the trial by jury. Neither is there anything in the language of Blackwell, E. & S. W. Ry. Co. v. Bebout (1907) 19 Okla. 63, 91 P. 877, cited by plaintiff, contrary to the views herein expressed. In that case the award was deposited in court for the use of the landowner before the demand for the jury trial, and the question before us here was not there involved. There is likewise nothing in the statutes cited that conflicts with our view of the matter. In fact, section 11932, O. S. 1931, is almost identical with the last sentence in the constitutional provision above quoted, giving the landowner the right to immediate payment when possession of his land is taken.

Judgment affirmed.

BAYLESS, C. J., and RILEY, DAVISON. and. DANNER, JJ., concur. WELCH, V. C. J., and OSBORN and CORN, JJ., dissent. GIBSON, J., disqualified and not participating