OKLAHOMA TURNPIKE AUTHORITY v. BYRUM, Dist. Judge.

No. 35378.    May 13, 1952.

Rehearing Denied June 3, 1952.

*244 P. 2d 1145.*

Leon Shipp and C. E. Barnes, Oklahoma City, for plaintiff.

P. D. Erwin, Chandler, for defendant.

WELCH, J.    Plaintiff here seeks to prohibit certain action in a cause in the trial court pending appeal to this court on the merits.

The action in the trial court is one to condemn real estate or a leasehold interest in real estate for right-of-way purposes for construction of the Turner Turnpike. Commissioners were duly appointed and made their report and appraisement or assessment of damage, fixing the same in the sum of $650. Plaintiff paid said sum into the office of the clerk of the court on June 25, 1951. On June 27th defendants demanded jury trial on the amount of damage, jury trial was held, and on December 10, 1951, there was jury verdict fixing the damage in the sum of $2,500, and on the following day plaintiff filed his motion for new trial.

Following payment or deposit of the $650 in the office of the court clerk on June 25, 1951, and up until the jury trial aforesaid, the defendants seem not to have denied or disputed plaintiff's possession and right of possession and occupancy of that portion of the land taken for construction of the turnpike, but after jury verdict as aforesaid the defendants did deny plaintiff's possession or right of possession. Thereupon,

on December 15, 1951, plaintiff filed its application for injunction and a temporary restraining order was issued restraining defendants from interfering with plaintiff's possession and right of possession.

Thereafter, on December 21, 1951, upon hearing on plaintiff's motion for new trial on the merits, defendants were directed to file a remittitur of $500 and the motion for new trial was continued to December 28, 1951. On this latter date, defendants filed the remittitur, plaintiff's motion for new trial was overruled, and by order of court plaintiff was required to pay into the office of the clerk for the use and benefit of defendants the additional sum of $1,350. Plaintiff's request for supersedeas was denied and plaintiff gave notice of appeal and was allowed time for preparation, service and settlement of case-made.

Thereupon plaintiff's temporary restraining order was continued in force and application for injunction continued to a future date, the court announcing, however, that unless plaintiff paid the sum of $1,350 into the office of the clerk, the plaintiff's application for injunction against defendants would be dismissed and plaintiff would be denied the possession and right of possession of the property sought to be condemned and used for right of way as aforesaid.

This proceeding seeks to prohibit any such action in the trial court, or any further action therein, except such actions as will preserve plaintiff's right to possess and use the right of way without any further deposit or payment to the court clerk at this time.

In this prohibition action the question presented is whether the plaintiff's possession and right of possession since June 25, 1951, should continue, or whether the same was interrupted and extinguished or vacated by virtue of the aforesaid jury trial.

We take it as conceded by all that after making deposit or payment with the court clerk on June 25, 1951, the plaintiff had full and free right to go into possession of the premises and to exclusively possess and occupy the right of way for all purposes of construction of the Turner Turnpike thereon and thereover.

The Turnpike Authority is given power generally to resort to condemnation, 69 O.S. 1951 §655 (i) and §658. The general condemnation statute, 66 O. S. 1951 §53, provides for the report of the commissioners assessing the amount of damage, and further provides as follows:

"* * * And if said corporation shall, at any time before it enters upon said real property for the purpose of constructing said road, pay to said clerk for the use of said owner the sum so assessed and reported to him as aforesaid, it shall thereby be authorized to construct and maintain its road over and across said premises."

That would seem to settle the right of condemnor to go into possession and proceed with construction on the right of way condemned, after paying in the sum assessed, and we do not know that it has ever been contended to the contrary.

We cannot find any statutory provision and no authority is cited to any rule that any possession taken by plaintiff must thereafter be vacated if jury trial should result in an assessment of a higher damage sum, as a condition precedent to an appeal from such jury verdict, nor any authority that the plaintiff, after having made the original deposit, must upon jury verdict deposit any additional sum as a condition precedent to preserving its possession and right of continued possession pending appeal from such jury verdict.

As to appeal to this court after jury trial, the statute, 69 O. S. 1951 §46 (6), authorizes either party to appeal, but specifically provides that such appeal shall not delay the prosecution of the work on the highway over the premises in question if the applicable award has

been deposited with the court clerk for the landowner. In Wright v. State, 204 Okla. 380, 230 P. 2d 462, we held that while the landowner could appeal from the action of the trial court fixing damage, the landowner could not supersede the judgment and thereby interfere with condemnor's possession or hinder or delay the construction work on the highway.

The above-cited 69 O.S. 1951 §46 (6), specifically applicable to highways, refers to the payment to be made by the condemnor as, "* * * the Award of Commissioners, or Jury, as the case may be * * *." Another statute on condemnation by railroads, 66 O.S. 1951 §56, refers to the payment to be made by the condemnor as "* * * the amount so assessed by said commissioners or district court. * * *"

Defendant argues that by these statutory provisions the payment of the jury award is a condition precedent to the right of appeal by the condemnor, but we cannot so construe those statutory provisions. It is not so provided specifically, and the above argument overlooks the fact that in this case the condemnor had paid in the commissioners' award long prior to the jury trial. The argument is presented as if the condemnor had not paid in the commissioners' award and thereby set up its right of possession long prior to jury trial, and in fact prior to demand for jury trial. The question as to the rule under different circumstances is not before us.

The defendant refers to the rule that where the corporation takes possession prior to any condemnation action and thereafter, as in reverse condemnation, the court appoints commissioners and they report an assessment or award of damages, the amount awarded must be paid into the office of the court clerk as a condition precedent to a jury trial, citing Southwestern Natural Gas Co. v. Sterling, 184 Okla. 129, 87 P. 2d 954. We consider that decision not in point by reason of the difference in the controlling circumstances.

Defendant cites the decision of Shirley v. Southern Railroad Co., 26 Ky. L. Rep. 360, 81 S.W. 268, where the jury award or award of the Circuit Court was less than the former award and the payment of the second or lesser award was held sufficient to entitle the condemnor to possession of the land pending resort to the appellate court, but in that case it appears that the condemnor had not set up its right of possession by paying the former or first award made, furthermore, that opinion discloses that the Kentucky statute differs from ours, both as to provisions with reference to taking possession by the condemnor, and as to provisions concerning appeals.

We have considered all further argument advanced in opposition to plaintiff's action, but are convinced that the trial court was without authority to require plaintiff to deposit the jury award since plaintiff had made the deposit of the commissioners' award and thereby set up its right of possession long prior to the jury trial.

We are convinced that the circumstances here shown do not disclose the violation of any constitutional or statutory rights of the landowner, and that all such rights and all further or future rights of the landowner may be safeguarded and enforced in the further orderly proceedings in the condemnation case, without requiring any unauthorized payment or any premature payment to be made by the condemnor.

We observe the statutory provision in 69 O.S. 1951 §658, that in such a condemnation proceeding the trial court "* * * may make such orders as may be just to the authority and to the owners of the property to be condemned * * *." However, we do not follow counsel to the conclusion that this order requiring this further payment is a necessary order to protect the landowner, nor that it is a just or proper order for the reasons stated.

It follows that the trial court should be prohibited from enforcing the order

requiring condemnor to make such additional payment or deposit, and that the trial court should be prohibited from taking any further action in the cause except such action as will permit plaintiff to prosecute its appeal from the jury trial, and except such action as will preserve plaintiff's continuing right to the possession of the right-of-way premises involved without deposit of any further payment into court. To that extent therefore the writ is issued.

ARNOLD, C. J., HALLEY, V. C. J., and CORN, DAVISON, JOHNSON, O'-NEAL, and BINGAMAN, JJ., concur. GIBSON, J., dissents.

GIBSON, J. (dissenting). I think the writ should be denied except that the trial court should be prohibited from enforcing that part of his judgment which requires the Turnpike Authority to surrender possession of the condemned strip of land.

That part of the trial court's judgment which required the payment of the additional sum of $1,350 to conform to the jury's verdict as a prerequisite to the Turnpike Authority appealing from the jury's verdict and the judgment thereon is correct under our decisions and the statutes in such case made and provided.

In City of Eufaula v. Ahrens, 58 Okla. 180, 159 P. 327, we said:

"* * * The right of the corporation to take possession of the property and proceed with the work contemplated depends upon the ascertainment of the amount of damages to be paid either by the report of the appraisers or by verdict of the jury and judgment of the court pronounced thereon."

In State ex rel., etc., v. Brewer, 184 Okla. 129, 87 P. 2d 954, it was held:

"In a condemnation action, where the condemning party has entered upon the property of the landowner prior to the making of the award, section 24, art. 2, of the State Constitution makes the payment of such award a condition precedent to the right of appeal therefrom and trial by jury, and if the condemning party refuses to pay said award, the court has authority to strike his demand for trial by jury and enter judgment for the amount of the compensation awarded."

In that case only the payment of the commissioners' award was involved, but the same rule would have been announced if the jury's verdict had been involved, for therein the court said:

"In interpreting the constitutional and statutory provisions on this subject, they must be strictly construed in favor of the owner and against the condemning party. Stinchcomb v. Oklahoma City (1921) 81 Okla. 250, 198 P. 508. Plaintiff relies on that sentence in the constitutional provision which states that 'any party aggrieved shall have the right of appeal, without bond, and a trial by jury in a court of record.' But it fails to consider the ensuing provision which states that 'when possession is taken of property condemned for any public use, the owner shall be entitled to the immediate receipt of the compensation awarded, without prejudice to the right of either party to prosecute further proceedings for the judicial determination of the sufficiency or insufficiency of such compensation.' The entire provision must be construed together. When so done, it will be observed that there are two rights guaranteed: (1) The right of the landowner to immediate payment of compensation when the condemning party takes possession of the premises; and (2) the right of the condemning party when he feels aggrieved, to an appeal and trial by jury. Where the condemning party takes possession prior to the award of the commissioners, as in this case, the landowner is, upon the rendition of the award, entitled to the immediate receipt of the compensation awarded and either party is then entitled to appeal, without bond, and have a trial by jury. The phrase, "without prejudice to the right of either party to prosecute further proceedings for the judicial determination of the sufficiency or insufficiency of such compensation,' simply means that the payment of the compensation awarded shall not operate as a waiver or estoppel, or affect the right of either party to appeal. In this situation, the right of the landowner is a prior right. The condemning

party cannot ask the enforcement of its right to appeal and trial by jury, and at the same time fail to perform its prior duty required by the Constitution for the protection of its adversary. To permit this would inevitably result in failure to accomplish the purpose of the fundamental law. Therefore, under such circumstances, the right of the landowner must be construed as a condition precedent to the recognition of the right guaranteed to the condemning party."

Tit. 66 O. S. 1951 §56 provides:

"Either party aggrieved may appeal from the decision of the district court to the Supreme Court; but such review or appeal shall not delay the prosecution of the work on such railroad over the premises in question, if such corporation shall first have paid to the owner of said real property, or deposited with the said clerk for said owner, the amount so assessed by said commissioners or district court; * * *."

Tit. 69 O.S. 1951 §46, par. 6, provides:

"Either party aggrieved may appeal to the Supreme Court from the decision of the District Court on Exceptions to the Report of Commissioners, or Jury Trial; but such review or appeal shall not delay the prosecution of the work on such highway over the premises in question if the Award of Commissioners, or Jury, as the case may be, has been deposited with the clerk for said owner * * *."

References to "District Court" in §66, supra, and to "jury" in §46, supra, have no meaning if the condemnor can take possession of the landowner's property and retain both the property and the money damages while the condemnor appeals from the jury's award.

In a similar situation we have said "the right of a landowner is a prior right." Not so here. The Turnpike Authority has the landowner's property without paying just compensation therefor. That violates the landowner's constitutional rights as well as our statutes.

Furthermore, it is unjust to require the landowner to await the pleasure of the condemnor for the payment of the award. He has no assurance that it ever will be paid. He cannot issue execution on the judgment, for the condemnor's property and its hopes are mortgaged for many millions of dollars. Collection through a receiver would not be possible or feasible.

69 O. S. 1951 §658 provides that the trial court may make such orders as may be just to the Authority and to the landowner.

The effect of the majority opinion is to hold that the trial court abused its discretion, authorized by statute, when it required the Authority to pay from its millions the relatively paltry sum of $1,350 as a prerequisite to appealing from the jury's verdict.

I respectfully dissent.