OKLAHOMA TURNPIKE AUTHORITY v. WILLIAMS et ux.

No. 35556.   May 26, 1953.

Rehearing Denied June 9, 1953.

*257 P. 2d 1052.*

Leon Shipp and C. E. Barnes, Oklahoma City, for plaintiffs in error.

P. D. Erwin. Chandler, for defendants in error.

O'NEAL, J. The Oklahoma Turnpike Authority under permissible statutes started a condemnation proceeding in the district court of Lincoln county, Oklahoma, to appropriate 19.55 acres of land out of an 80-acre tract owned by Kirby O. and Margaret N. Williams. Upon notice to defendants the judge of the district court appointed appraiser to view the land and assess the damages to defendants for the land taken and consequential damages to the remainder of the defendants' land. The commissioners awarded defendants the sum of $5,000 damages which plaintiff paid into court for defendants' benefit. Plaintiff, feeling aggrieved as to the amount of the award, appealed to the district court for a jury trial. The jury awarded the defendants damages in the sum of $5,500, and from the denial of plaintiff's motion for a new trial, the appeal is taken. No contention is made by plaintiff that the verdict of the jury and the judgment rendered thereon is excessive nor sustained by competent evidence.

The first ground argued for a reversal of the case is based upon plaintiff's contention that one of the commissioners appointed by the court to appraise the value of the land appropriated was called as a witness by the defendants and was permitted to testify as to the amount of damages to the land as disclosed by the commissioner's report. The record discloses that the witness, J. A. Patterson, as one of the appraisers, had joined with his co-appraisers in assessing defendants' damage at $5,000. When called by the defendants as a witness he testified to defendants' damage in the sum of $10,000. Defendants' counsel in his direct examination of the witness did not directly or obliquely refer to the fact that the witness was one of the commissioners, or to the return made by said commissioners. Upon cross-examination plaintiff's counsel then asked the witness: "I will ask you if in a former appraisement that you made to this Court you didn't appraise the damage at $5,000.00." To which the witness replied that he joined with the other commissioners in making such a return. Thereupon counsel for plaintiff moved the court for a mistrial on the ground that defendants' counsel on redirect examination asked the witness if he was working with the other appraisers that were appointed as commissioners in this case. We think the trial court properly overruled plaintiff's motion for a mistrial.

In City of Tulsa v. Creekmore, 167 Okla. 298, 29 P. 2d 101, we sustained the judgment, notwithstanding two of the three commissioners who had appraised the damages were permitted to testify as to the value of the land before and after the taking.

In Oklahoma Ry. Co. v. State ex rel. Department of Highways, 205 Okla. 325, 237 P. 2d 878, we held that where one invites or participates in the injection of incompetent evidence, he will not be heard to complain of such error.

Moreover, it cannot be successfully contended that the testimony of J. A. Patterson materially affected the result of the verdict. Seven witnesses testified that the damages to the defendants ranged from $2,400 to $12,000, or a mean average of approximately $5,500, which was the amount of the verdict in the instant case.

Plaintiff also contends that the court erred in excluding competent evidence. The alleged error is based upon the court's refusal to permit defendants to state the price they paid for the 80-acre tract over which the highway was constructed. The authorities uniformly hold that the extent of the range of inquiry to be permitted regarding the value of property taken or damaged in eminent domain proceedings is largely in the discretion of the trial court: City of Tulsa v. Horwitz, 131 Okla. 63, 267 P. 852.

As applied to the case before us, we think that the trial court did not abuse its discretion in excluding the evidence as to the purchase price of the 80 acres over which the Turnpike condemned the right of way. The defendants also owned a contiguous 80-acre school land lease upon which defendants had their home and farm improvements. These two 80-acre tracts were used as a stock farm, and the evidence submitted tended to prove that the defendants' use of the entire tract of land would be substantially impaired by a division of the land by the Turnpike Highway. Grand River Dam Authority v. Gray, 192 Okla. 547. 138 P. 2d 100.

As a general rule, the fair cash market value of the land taken under eminent domain is the value at the time of the taking together with such depreciation in the market value of the land not taken as may be reasonably anticipated to result from the taking. State ex rel. City of Ardmore v. Winters et ux., 195 Okla. 243, 156 P. 2d 798; Oklahoma Natural Gas Co. v. Coppedge, 110 Okla. 261, 237 P. 592.

Lastly, plaintiff contends that the trial court erred in requiring plaintiff to pay into court the amount of the deficiency judgment in the sum of $500, with interest from December 12, 1951. Cited in support of this contention is our opinion in Oklahoma Turnpike Authority v. Byrum, Dist. Judge, 206 Okla. 541, 244 P. 2d 1145.

We think plaintiff gives the Oklahoma Turnpike Authority v. Byrum, supra, an unwarranted application. The pivotal point of the decision was whether the Authority's possession should continue, or whether it was interrupted, extinguished or vacated by virtue of the jury trial. In that case, after the original condemnation money was paid into court, the Authority went into possession of the land. An appeal was taken to the district court and upon trial an additional sum of money was awarded the owner by the jury's verdict. The Authority desiring to appeal the jury's verdict and the judgment rendered thereon to the Supreme Court requested that it be permitted to file a supersedeas bond. Bond was denied and an order was entered requiring the Authority to pay the excess damages awarded by the jury and the judgment rendered thereon, or to vacate the land which it had heretofore appropriated under its condemnation proceedings. Under this state of the record, we held that either party might appeal from the jury verdict, and that there is no requirement that condemnor make second deposit or additional payment of the jury verdict excess as a condition precedent to preservation of possession.

Finding no substantial error in the proceedings below, the judgment is affirmed.

JOHNSON, V.C.J., and CORN, DAVISON, ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur, HALLEY, C.J., and WELCH, J., dissent.

HALLEY, C.J. (dissenting). On November 21, 1951, J. A. Patterson, one of the commissioners in this condemnation proceeding, fixed the value of the surface on the south 19.55 acres of the west half of the southeast quarter of 9-14-3E of Lincoln county together with a temporary construction easement on 0.11 acres at $5,000. This amount was outrageously high due to the fact that the land taken was badly eroded blackjack timber upland. It could only be used as pasture land and was a very

poor quality for that. The Turnpike Authority was not satisfied with the report and demanded a jury and quite properly so. The landowner offered J. A. Patterson as a witness as to the value of the land at the jury trial on the 18th of March, 1952. At this trial, he fixed the value of the land at $10,000. Counsel for the plaintiff Authority of necessity cross-examined him as to the discrepency between his testimony at the trial and the appraisement he made less than five months before. He was careful, however, not to bring out that Mr. Patterson was one of the commissioners in this case. On re-direct examination counsel for defendant asked Patterson the point blank question if he was not one of the commissioners in this case and received an affirmative answer. This was error and reversible error. St. Louis, El Reno & Western Railroad v. Oliver, 17 Okla. 589, 87 P. 423, 10 Ann. Cas. 1048, and Wichita Falls & N.W. Ry. Co. v. Munsell, 38 Okla. 253, 132 P. 906, lay down the rule that on appeal from the award of the commissioners to the district court in a condemnation proceeding, the award made by the commission is not competent evidence to go to the jury and was prejudicial and a new trial should be granted when such is done.

The majority opinion says that plaintiff's counsel injected this incompetent evidence in this case. With this I cannot agree and submit that defendant's counsel would not have asked the question on re-direct examination if he had thought the jury was definitely informed that Patterson was a commissioner and that the commissioners' award was $5,000. Defendant put Patterson on the stand and plaintiff's counsel had to cross-examine him. To say the plaintiff had to cross-examine Patterson at the risk of having it brought out that he was a commissioner and what the commissioners' award was is unfair. This is especially true where everyone who knows anything about the value of this eroded black-jack upland in Lincoln county would not fix a value of $280 an acre on the surface only. There are thousands of acres of better pasture land selling in Oklahoma from $25 to $50 an acre.

The role of condemnor is ordinarily difficult but is entitled to a fair trial. If it had been intended by our lawmakers that condemnors pay a premium on the land they take by condemnation proceedings they certainly would have said so.

This case should have been reversed for a new trial. I dissent.