STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Petitioner,

v.

Honorable Elvin J. BROWN, Judge of the District Court of the 21st Judicial District, Cleveland County, Oklahoma, Respondent.

No. 43659.

Supreme Court of Oklahoma.

Dec. 2, 1969.

John Paul Walters, Chief, Legal Division, Dept. of Highways, by Robert D. Baron, for petitioner.

Thomas H. Tucker, Norman, for respondent.

LAVENDER, Justice.

This is a proceeding, originally begun in this court, to prohibit the respondent judge of the district court of Cleveland County, Oklahoma, from proceeding to exercise judicial authority or discretion in a condemnation proceeding in that court. In that proceeding the State of Oklahoma on the relation of its Department of Highways served the following notice personally upon the owners of the lands described in said notice:

"Form DH 307–6
In the District Court of Cleveland County, Oklahoma

State of Oklahoma ex rel.
Department of Highways of
the State of Oklahoma,

        Plaintiff

vs.

Leon Madole and Ruth Madole,
husband and wife; and American General Life Insurance Co.,

        Defendants

No. 23869

NOTICE TO DEFENDANTS

The State of Oklahoma,
To the Aforesaid Defendants:

You are hereby notified that the Department of Highways of the State of Oklahoma, under and by virtue of the laws of the State of Oklahoma, in the name of the State of Oklahoma, as plaintiff in the above entitled cause has determined to locate a public State Highway upon the following described real estate, to-wit:

[Tract described by metes and bounds]

And that having been unable to procure the right-of-way from you, by private purchase, the plaintiff will on the 3rd day of October, 1968, at the hour of 9:00 A.M., or as soon thereafter as counsel can be heard, make application to the Judge of the District Court of Cleveland County, Oklahoma, at its chambers in the court house at Norman, Oklahoma, for an Order appointing three disinterested free holders of said county as commissioners who shall be selected by said Judge from the current jury list of said county to inspect said real property and consider the injury, if any, which the owners thereof may sustain by reason of such public highway, and by reason of such appropriation

of said land, for such purposes, at which time you may be present if you so desire.

> STATE OF OKLAHOMA, EX REL DEPARTMENT OF
> HIGHWAYS OF THE STATE OF OKLAHOMA
> JOHN PAUL WALTERS, CHIEF OF LEGAL DIVISION
> By: FLOYD W. TAYLOR
> ATTORNEY FOR HIGHWAY DEPARTMENT"

———◆———

One of the owners of the land—Mr. Madole—was present in court on the date specified in the notice, but made no objection to the appointment of commissioners.

Thereafter, on the 22nd day of October, 1968, the said commissioners filed their written report with the clerk of the court, as required by 69 O.S.Supp.1968 § 1203. Thereafter, a period of time in excess of sixty days elapsed without either the condemnor or the landowners filing any demand for a jury trial on the question of the compensation allowed by the commissioners. Their appraisal was in the amount of $4,000.00.

Thereafter, the landowners filed an application the effect of which was to attack the commissioners' award of compensation and to ask the court to allow that issue to be presented to a jury. This application was filed on April 8, 1969. At a hearing on that application, the respondent entered an order which did not vacate the court's previous order appointing commissioners nor vacate or set aside their report of the damages to the land involved, but provided from its date the landowners would have sixty days within which to demand a jury trial on the question of damages. That order was entered by the trial court on June 28, 1969, which was 228 days after the commissioners' report was filed.

We are concerned with whether that order was valid or whether it was beyond the power and jurisdiction of the respondent court to make. We assume original jurisdiction.

Section 24 of Article 2 of the Constitution of the State of Oklahoma provides, among other things, that in proceedings to condemn lands for public use commissioners shall be appointed by a judge or court upon *reasonable* notice to the owners of land to be affected. The constitutional provision also provides that if any party to the proceeding believes himself aggrieved by the award of the commissioners, he shall have the right of appeal and to a trial by jury in a court of record.

The condemnation proceeding in this case was commenced under Section 1203 of Article 12 of House Bill No. 501 of the Second Regular Session of the Thirty-First Oklahoma Legislature (69 O.S.Supp.1968 § 1203) which section provides in essence for appointment of the commissioners upon ten days' notice to the opposite party; that the commissioners' report as to the amount of damages to be sustained by the landowner shall be filed with the clerk of the court. That section further provides for a "review" of the commissioners' report by the district court provided objections thereto be filed by either party within thirty days following the filing of the commissioners' report with the clerk. The statute also provides that either party may have a trial by jury upon the question of compensation provided they file a written demand therefor with the clerk before the expiration of sixty days from and after the filing of the commissioners' report. There is a further provision for appeal to the Supreme Court from the actions of the district court.

At this point, it should be noted that there was no contention made in the trial court or in this court that the notice did not comply with the statutes nor that it was not properly served. A copy was served personally on Mr. Madole and a copy for his wife

was left with him at their residence. Service was had upon the mortgagee by serving the proper officer of that institution. Neither is the fact disputed that the notice, a copy of which appears above, was the only notice served upon the landowners. Such a notice appears to be the only one required by the statutes of Oklahoma in condemnation proceedings. As a matter of fact, this is made clear by another part of Section 1203, supra, which provides, in certain circumstances, for the publication of such a notice as "in civil action, except summons need not be issued and served."

Petitioners contend that the notice meets the requirements of Section 1203 and that the latter statute is in harmony with the above referred to provisions of the Constitution of Oklahoma, and that under such cases as State ex rel. Southwestern Natural Gas Co. v. Brewer, District Judge (1938), 184 Okl. 129, 87 P.2d 954; Stedman v. State Highway Commission (1935), 174 Okl. 308, 50 P.2d 657; and Western Farmers Electric Cooperative v. Rowlett et al. (1955), Okl., 288 P.2d 726, the respondent court was without authority to enter the order pursuant to which the landowners were permitted to file their request for a jury trial long after the statutory period for the filing of the same had expired.

Respondent contends that the notice that on a date certain the condemnor would present its application to the district court for the appointment of commissioners to assess the damage to the land involved was insufficient to comply with the due process of law requirements of the Fourteenth Amendment to the U. S. Constitution. This contention is based upon the following propositions: a) the notice was not reasonably calculated to inform the owners of the land that they had been sued; b) the notice failed to apprise the owners of the land of the nature of the claim against them and the relief sought; and, c) it failed to afford the owners of the land an opportunity to be heard concerning the matter of just compensation.

The respondent directs our attention to cases from the U. S. Supreme Court, as well as from our own court, which hold that unless the method of obtaining service upon a defendant is reasonably calculated to inform him of the pendency of a proceeding that such *attempted service* may be declared null and void as insufficient under the due process clause of the U. S. Constitution. The cases cited to this effect by respondent are: Mullane v. Central Hanover Bank and Trust Co. (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865; Schroeder v. City of New York (1962), 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255, 89 A.L.R.2d 1398; Walker v. City of Hutchinson et al. (1956), 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178; and Bomford v. Socony Mobil Oil Co. (1968), Okl., 440 P.2d 713.

While the cited cases undoubtedly stand as authority for the general proposition of constitutional law, as stated above, unless the notice served on the landowners in this matter was not sufficient to apprise them of the pendency of the condemnation proceeding then, we believe, such cases are of no application here. Of course, if the notice was insufficient to notify the owners that a condemnation proceeding had been commenced, then it would seem the respondent should have vacated its order appointing the commissioners for their award of compensation would be, to say the least, suspect as an invalid award assuming it was not subsequently superseded by a verdict of a jury.

The question now arises, how should a landowner be notified of the commencement of a condemnation proceeding in order to satisfy the requirements of due process? Our Constitution, as well as our statute, requires only notice, which was given in this case, of the fact that at the end of ten days the district court would be requested to appoint commissioners to assess the damages to be awarded to the landowners which will result from an appropriation of their lands (describing them) for public uses.

In North Laramie Land Company v. Hoffman et al. (1925), 268 U.S. 276, 45 S.Ct. 491, 69 L.Ed. 953, the court had before it the statutes of Wyoming which provided for notice by publication, posting and mailing by registered mail to the landowners of a notice to the effect that the Board of County Commissioners were proposing to establish a roadway across the property of the landowner involved; that there would be an appraisal after which the Board would determine finally with regard to the establishment of the road and would fix the damages to be paid. The statute of Wyoming provided that the landowners affected would have thirty days, after that determination by the Board, within which to seek a judicial determination upon the damage issue. The U. S. Supreme Court observed that the statute afforded the landowners " * * * due process on the matter of damages, since the hearing in the District Court makes unnecessary a hearing before the board or the appraisers, and, through the publication of the board's action, the landowner is duly notified of the date from which his time for appeal begins to run." Regarding the objection which was to the effect that the statutory procedure was not in accord with due process of law because it did not provide for formal notice to the landowner that the board had acted in fixing the damages to be allowed and had thus set in motion the time limitation within which the landowner could appeal to a court of law, the court said:

" * * * a state statute does not contravene the provisions of that Amendment (the 14th) unless, in some substantial way, it infringes the fundamental rights of citizens and in passing on the constitutionality of a state law, its effect must be judged in the light of its practical application to the affairs of men as they are ordinarily conducted.

"All persons are charged with knowledge of the provisions of statutes and must take note of the procedure adopted by them and when that procedure is not unreasonable or arbitrary there are no constitutional limitations relieving them from conforming to it. This is especially the case with respect to those statutes relating to the taxation or condemnation of land. Such statutes are universally in force and are general in their application, facts of which the land owner must take account in providing for the management of his property and safeguarding his interest in it. Owners of real estate may so order their affairs that they may be informed of tax or condemnation proceedings of which there is published notice, and the law may be framed in recognition of that fact. In consequence, it has been uniformly held that statutes providing for taxation or condemnation of land may adopt a procedure, summary in character, and that notice of such proceedings may be indirect, provided only that the period of notice of the initiation of proceedings and the method of giving it are reasonably adapted to the nature of the proceedings and their subject matter and afford to the property owner reasonable opportunity at some stage of the proceedings to protect his property from an arbitrary or unjust appropriation. Huling v. Kaw Valley Railway & Improvement Co., 130 U.S. 559, 9 S.Ct. 603, 32 L.Ed. 1045; Ballard v. Hunter, 204 U.S. 241, at p. 262, 27 S.Ct. 261, 51 L.Ed. 461."

The discussion by the court on pages 286 and 287 of 268 U.S., on page 495 of 45 S.Ct., also appear particularly appropriate to our problem.

The above cases of North Laramie Land Co. v. Hoffman and Huling v. Kaw Valley Railway & Improvement Co., along with the more recent case (cited by respondent) of Walker v. City of Hutchinson, supra, are all discussed in an annotation appearing in 1 L.Ed.2d 1640–1642. The Walker case appears clearly distinguishable from our case for the reason that in that case the owner had no notice of the condemnation

proceedings until after the time authorized by statute for appealing the question of compensation to a court had elapsed.

■ "Reasonable notice" is all that is required by our Oklahoma Constitution, Section 24, Article 2. Reasonable notice does not necessarily mean and we think does not require, in order to satisfy due process of law requirements, a formal notification to a landowner of every right guaranteed to him by law, including the existence of statutory procedural limitations upon his right to be heard in court on the question of his damages.

■ Every person holds his lands subject to the right of the sovereign to acquire an interest in it by condemnation proceeding if that interest is needed for public use. We are of the view and therefore hold that the only basic requirement protected by the Constitution in such cases is that the landowner have notice of the proceeding and an opportunity, at some stage in the proceeding, to be heard. 16A C.J.S. "Constitutional Law" § 646, page 933. That opportunity to be heard is provided by statute in Oklahoma and the sixty day period following the filing of the commissioners' report and within which time one may demand a jury is not suggested to be unreasonable or arbitrary. While it may be desirable to notify a landowner of the filing of the commissioners' report in order to absolutely insure that a property owner be aware of the fact that the statutory limitation period has commenced running, we do not believe that such a requirement should be supplied by decree of this court in view of the fact that its absence does not render unconstitutional the procedural statute involved.

■■ We hold that when a landowner is served with a notice, as the owners were in this case, it is reasonable to conclude that they are thus constructively notified that their rights to a trial upon the question of their damages may be lost by the passage of time; that it is not unreasonable to require a landowner in such a position to make arrangements with the clerk of the court to notify him when the commissioners' report has been filed. The landowner, as well as the condemning authority, should not be permitted to sit idly by and allow the statutory time to pass and then to complain that he (or the State) wasn't specifically informed of certain rights, which only the *opportunity* to exercise, are guaranteed by the Constitution.

It is the order and judgment of this court that a writ be issued to the respondent herein commanding him to vacate his purported order of June 28, 1969, in cause numbered 23869, entitled "State of Oklahoma, ex rel. Department of Highways of the State of Oklahoma, Plaintiff v. Leon Madole and Ruth Madole, husband and wife, and American General Life Insurance Co., Defendants," and to strike the demand for a jury trial filed in said cause by Leon Madole and Ruth Madole.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.

McINERNEY, J., and BERRY, V. C. J., and HODGES, J., dissent.

McINERNEY, Justice (dissenting).

The issue here is whether the content of condemnor's notice to the landowner meets the minimum standards of the XIVth Amendment's due process clause. This presents a question of *federal law*.

Federal protection of condemnee's claim to fair treatment and orderly process in procuring just compensation for his property is not the product of the present-day trend to a liberal construction of our constitutional commands. It antedates the turn of this century. Chicago B. & Q. R. Co. v. City of Chicago, 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1897). For at least five decades the states have stood constitutionally compelled to afford the owner a *meaningful opportunity* "to be heard and to offer evidence as to the value of the land taken."

Bailey v. Anderson, 326 U.S. 203, 205, 66 S.Ct. 66, 67, 90 L.Ed. 3 (1945); Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135 (1919). Unless notice *reasonably conveys "the required information" and is plain to understand,* the process is a "mere gesture" and not due process. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314–315, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); Griffin v. Cook County, 369 Ill. 380, 16 N.E.2d 906, 118 A.L.R. 1157; 16 Am.Jur.2d, Const.Law, § 562, p. 966.

Condemnor's notice clearly did not contain the "required information" commanded by *Mullane.* While it advised condemnee of the time and place condemnor will present its application for appointment of the commissioners, it did *not* tell him that this was but the first step in a multi-stage proceeding the object of which was to invest the State with title to the affected land. In short, there is nothing in the heavy legal jargon of the notice that would plainly convey to the owner that minimum which Anglo-American law has required of legal process since time immemorial— *that it inform the party served of the relief demanded against him and apprise him of the result consequent on his default.* This much, if not more, is required to be imparted by a civil summons. 12 O.S.Supp. 1969 § 153. The recent amendment requiring a copy of the petition to be attached to the summons serves further to expand the quantum of knowledge our Legislature intended the defendant to have. 12 O.S. Supp.1969 § 153.1. Far more information is required by statute to be contained in a notice issued under our administrative procedure. 75 O.S.Supp.1969 § 309. It borders indeed on a legal paradox to hold that litigants in these cases may enjoy more favorable treatment than condemnees who enjoy *express* federal protection from unfair state procedures.

The argument that our statutory provisions operate here to amplify the deficiency in the content of condemnor's notice is predicated on the principle of common law that "no one is excused by the ignorance of the law." This principle must yield in the face of a plain constitutional command as but an "illusory substitute" for notice. Electric Short Line Terminal Co. v. City of Minneapolis, Minn., 242 Minn. 1, 64 N.W.2d 149, 153. Due process in its present-day form plainly places a limit on the application of this common-law doctrine. Lambert v. People of the State of California, 355 U.S. 225, 228, 78 S.Ct. 240, 243, 2 L.Ed.2d 228 (1957). Any statement to the contrary that can be divined from North Laramie Land Company v. Hoffman, 268 U.S. 276, 45 S.Ct. 491, 69 L.Ed. 953 (1925) may no longer be regarded as a correct exposition of the present federal law.

Condemnor's notice did not reasonably convey that quantum of information that federal due process requires. Its endorsement by me would be tantamount to approval of less favorable treatment for condemnees than that which stands afforded by Oklahoma law to litigants in nearly all other classes of suits. This court would give approval to an unreasonable classification of state litigants that, in my opinion, is violative of equal protection. Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966).

I would deny the writ by an opinion requiring more ample notice having prospective effect only, i. e., to this case and to all condemnation notices issued after the date the opinion became final. Bomford v. Socony Mobil Oil Co., Okl., 440 P.2d 713 (1968).

I am authorized to state that Berry, V. C. J., concurs in the views herein expressed.